UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH<br><br>　　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>COMPLEX MEDIA, INC.<br><br>　　　　　　　　　　　Defendant. | Docket No. 18-cv-5488<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Complex Media, Inc. ("CMI" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.　　This is an action for copyright infringement under Section 501 of the Copyright Act.  This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Santino Boderick, a criminal defendant.. The photograph is owned and registered by Hirsch, a New York-based professional photographer.  Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.　　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Hirsch is a professional photojournalist having a usual place of business at 280 E. 10th St., Apt. 29, New York, NY 10009-4806.

6.     Upon information and belief, CMI is a foreign limited liability company duly organized and existing under the laws of Delaware with a place of business at 1271 Avenue of the Americas, 35th floor, New York, NY 10020.

7.     Upon information and belief, CMI is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

8.     At all times material hereto, Defendant has owned and operated the website at the URL: www.complex.com (the "Website").

9.     CMI is a for-profit entity.

10.     CMI publishes news content.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

11.     On or about January 19, 2017, Hirsch photographed Santino Boderick, a co-defendant of rapper Bobby Shmurda in a Brooklyn gang conspiracy case (the "Photograph").  A true and correct copy of the Photograph is attached hereto as Exhibit A.

12.     Hirsch then licensed the Photograph to PAGE SIX (of the NEW YORK POST).

13.     On January 19, 2017, PAGE SIX ran an article that featured the Photograph on its web edition entitled *Bobby Shmurda's pal gets 130-year sentence, curses out judge.  See* https://pagesix.com/2017/01/19/bobby-shmurdas-pal-gets-130-year-sentence-curses-out-judge/

14.     The PAGE SIX article included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Hirsch as the author of the Photograph.  A true and correct copy of the PAGE SIX article is attached hereto as Exhibit B.

15.     Hirsch is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

16.     The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-036-428, effective as of March 26, 2017 (the "428 Registration").  A true and correct copy of the 428 Registration is attached hereto as Exhibit C.

17.     The title of the Photograph as it appears on the 428 Registration is "Hirsch_Santino Boderick, 1_19_17.jpg"

**B.     Defendant's Infringing Activities**

18.     On or about January 19, 2017, Defendant ran a video article on the Website entitled *Bobby Shmurda Associate Santino Boderick Curses Out Judge Handing Him Insanely Long Prison Sentence. See* http://www.complex.com/music/2017/01/bobby-shmurda-associate-santino-boderick-curses-out-judge-handing-him-prison-sentence (the "Article").

19.     Defendant's Article prominently featured the Photograph.  Screenshots of the Article as it appears on the Website are attached hereto as Exhibit D.

20.     Defendant did not license the Photograph from Plaintiff for its Article.

21.     Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

22.    Prior to publishing the Photograph on its Website, Defendant did not communicate with Plaintiff.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CMI)**
(17 U.S.C. §§ 106, 501)

23.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24.    Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

25.    The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26.    Upon information and belief, the foregoing acts of infringement by Defendant have been willful and in reckless disregard of Plaintiff's rights.

27.    As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

28.    Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

29.    Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

30.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant CMI be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.      That Defendant CMI be ordered to remove the Photograph from its Website;

3.      That Plaintiff be awarded statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6.      That Plaintiff be awarded pre-judgment interest; and

7.      Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       June 18, 2018

                                        LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
    James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Steven Hirsch*