Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
21 Main Street, Suite 158
Court Plaza South, West Wing
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

 - and-

477 Madison Avenue
New York, New York 10022
(212) 455-9555 (T)
(212) 687-9044 (F)

*Attorneys for Defendant Complex Media, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN HIRSCH,<br><br>                              Plaintiff,<br><br>          -against-<br><br>COMPLEX MEDIA, INC.,<br><br>                              Defendant. | Civil Action No.: 18-cv-5488 (CM) (KHP)<br><br>**COMPLEX MEDIA'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AND COUNTERSTATEMENT OF SOME, BUT NOT ALL, MATERIAL FACTS THAT PRECLUDE <u>SUMMARY JUDGMENT</u>** |

Pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Defendant, Complex Media, Inc. ("Complex Media") respectfully submits this Response to plaintiff, Steven Hirsch's ("Plaintiff's") Statement Of Undisputed Material Facts (D.E. 63) and follows with its Counterstatement Of Some, But Not All, Material Facts That Preclude Summary Judgment.

**COMPLEX MEDIA'S RESPONSE TO PLAINTIFF'S RULE 56.1
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Steven Hirsch

    1.    Hirsch is a professional photographer and photojournalist [Declaration of Steven Hirsch, dated August 2, 2018 ("Hirsch Declr."), ¶ 3].

    *__Response__: Complex Media also objects to the statement made in paragraph 1 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 1 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that he is a "professional" photographer and "photojournalist."*

    2.    Hirsch has been in the business of licensing his photographs for over 24 years. [Hirsch Declr., ¶ 3].

    *__Response__: Complex Media objects to the statement made in paragraph 2 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 2 as it is unable to present facts essential to*

*justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that he "has been in the business of licensing his photographs for over 24 years" and, among others, whether he has ever licensed the photograph in issue to any source other than The New York Post.*

Defendant  Complex  Media,  Inc.

3.      Complex Media, Inc. is a largescale, for-profit media company based in New York with international presence.  [Declaration of James H. Freeman, dated August 21, 2018 ("Freeman Declr."), ¶ 4, Ex. A].

***Response***:  *Complex Media also objects to the statement made in paragraph 3 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media also objects to the statement made in paragraph 3 as (i) it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated document from the internet; and, (ii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding Complex Media's business is unsupportable.*

4.      Complex disseminates news content.  [Freeman Declr., ¶ 5, Ex. A].

***Response***:  *Complex Media objects to the statement made in paragraph 4 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g.,*

*whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media also objects to the statement made in paragraph 4 as (i) it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated document from the internet; and, (ii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding Complex Media's business is unsupportable.*

5.      Complex is in the publishing industry. [Freeman Declr., ¶¶ 4-5, Ex. A-B].

**_Response_**:  *Complex Media objects to the statement made in paragraph 5 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media also objects to the statement made in paragraph 5 as (i) it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated documents from the internet; (ii) the inadmissible evidence in Exhibit B appears to be from a Hearst website, not defendant, Complex Media, Inc.; and (iii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding Complex Media's business is unsupportable.*

6.      Complex owns, operates and/or exercises control over the website www.complex.com. [Hirsch Declr., ¶ 8, Ex. C].

**_Response_**:  .  *Complex Media objects to the statement made in paragraph 6 as not being*

*material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media also objects to the statement made in paragraph 6 as (i) it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated documents from the internet; (ii) the inadmissible evidence in Exhibit C states nothing about whether Complex Media "owns, operates and/or exercises control" over the stated website; and (iii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding Complex Media's website is unsupportable.*

7.      Third-party largescale organizations Hearst and Verizon have a 50/50 ownership of Complex. [Freeman Declr., ¶ 7, Ex. B].

**_Response_**:  *Complex Media objects to the statement made in paragraph 7 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media objects to the statement made in paragraph 7 as (i) it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated documents from the internet; (ii) neither Hearst nor Verizon are parties to this litigation; and (iii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding Complex Media's business and/or Hearst and/or Verizon is unsupportable.*

8.      According to Defendant's LINKEDIN page, Complex generates over 1.2 billion video views per month.  [Freeman Declr., ¶ 6, Ex. A].

*__Response__:  Complex Media objects to the statement made in paragraph 8 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media objects to the statement made in paragraph 8 as (i) it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated document from the internet; and, (ii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding Complex Media's business is unsupportable.*

9.      According to Hearst's corporate website @ www.hearst.com/complex, Complex receives over 57 million unique monthly visitors, 450 million monthly page views, and 300 million monthly video views.  [Freeman Declr., ¶ 8, Ex. B].

*__Response__:  Complex Media objects to the statement made in paragraph 9 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media objects to the statement made in paragraph 9 as (i) it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated document from the internet; (ii) Hearst is not a party to this litigation; (iii) the inadmissible evidence in Exhibit B references "Complex" not the defendant, Complex Media, Inc., and*

*(iv) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding Complex Media's business and/or Hearst is unsupportable.*

10.     Since February 2015, Complex has been sued for copyright infringement 14 times in this District. [Freeman Declr., ¶ 9].

**_Response_**: *Complex Media objects to the statement made in paragraph 10 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media also objects to the statement made in paragraph 10 as (i) it is not followed by a citation to evidence that would be admissible, and (ii) it is the subject of Complex Media's pending Fed. R. Civ. P. 12(f) motion to strike certain allegations from pleadings, and (iii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding all cases filed against Complex Media is unsupportable.*

11.     In the past three years, Complex has settled at least 6 out of 14 of the infringement suits brought against it.  [Freeman Declr., ¶ 10].

**_Response_**: *Complex Media objects to the statement made in paragraph 11 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media objects to the statement made in paragraph 11 as (i) it is not followed by a citation to evidence that would be admissible, and (ii) it is the subject of Complex Media's pending*

*Fed. R. Civ. P. 12(f) motion to strike certain allegations from pleadings, and (iii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding all cases filed against Complex Media is unsupportable.*

12.     Complex settled at least three copyright infringement suits before January 19, 2017.  [Freeman Declr., ¶ 10].

**<u>Response</u>**: *Complex Media objects to the statement made in paragraph 12 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media also objects to the statement made in paragraph 12 as (i) it is not followed by a citation to evidence that would be admissible, and (ii) it is the subject of Complex Media's pending Fed. R. Civ. P. 12(f) motion to strike certain allegations from pleadings, and (iii) the sworn statement by Plaintiff's counsel that he has "personal knowledge" regarding all cases filed against Complex Media is unsupportable.*

The Photograph of Santino Boderick – January 18, 2017

13.     On or about January 18, 2017, Hirsch photographed a criminal defendant named Santino Boderick inside a New York courtroom as Boderick awaited his sentencing (the "Photograph").  [Hirsch Declr., ¶ 4].

***Response***:  *Pursuant to Fed. R. Civ. P. 56(d), Complex Media objects to the statement made in paragraph 13 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that he "photographed a criminal defendant named Santino Boderick inside a New York courtroom as Boderick awaited his sentencing," and if he did, whether the photograph in issue in this action is that photograph. Complex Media also objects to the statement made in paragraph 13 because it has not had the opportunity to take discovery as to whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph.*

14.     Hirsch created the Photograph for purposes of news reporting. [Hirsch Declr., ¶ 5].

***Response***:  *Pursuant to Fed. R. Civ. P. 56(d), Complex Media objects to the statement made in paragraph 14 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that he "created the photograph for purposes of news reporting," and if he did, whether the photograph in issue in this action is that photograph that he allegedly created for news reporting. Complex Media also*

*objects to the statement made in paragraph 14 because it has not had the opportunity to take discovery as to whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph.*

15.     Hirsch then licensed the Photograph to the NEW YORK POST for use on its www.pagesix.com website. [Hirsch Declr., ¶ 5].

***Response****:  Pursuant to Fed. R. Civ. P. 56(d), Complex Media objects to the statement made in paragraph 15 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that he "licensed the photograph to the New York Post," and if he did, whether the photograph in issue in this action is that photograph that he allegedly licensed to the New York Post. Complex Media also objects to the statement made in paragraph 15 because it has not had the opportunity to take discovery as to whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff's written contract with the New York Post for the alleged infringed photograph is a work-for-hire agreement, whether Plaintiff has enforcement rights to the alleged photograph, whether Plaintiff registered the alleged infringed photograph.*

The PAGE SIX Article Featuring the Photograph – January 19, 2017

16.     On or about January 19, 2017, PAGE SIX ran an article that featured the Photograph on its web edition entitled Bobby Shmurda's pal gets 130-year sentence, curses out judge.   See https://pagesix.com/2017/01/19/bobby-shmurdas-pal-gets-130-year-sentence-curses-

out-judge/ (the "PAGE SIX Article") [Hirsch Declr., ¶ 6, Ex. B].

> **_Response_**:  Complex Media objects to the statement made in paragraph 16 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 16 as (i) it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that the New York Post ran the cited article on January 19, 2017 with the specific photograph that Plaintiff claims to have registered under his own name, and (ii) it is not followed by a citation to evidence that would be admissible as the stated website is unauthenticated. Complex Media also objects to the statement made in paragraph 16 because it has not had the opportunity to take discovery as to whether Plaintiff owns the rights to the alleged infringed photograph that allegedly appears on "Page Six," whether Plaintiff's written contract with the New York Post for the alleged infringed photograph is a work-for-hire agreement, whether Plaintiff has enforcement rights to the alleged photograph, whether Plaintiff registered the alleged infringed photograph.

17.     The PAGE SIX Article included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Hirsch as the photographer.  [Hirsch Declr., ¶ 7, Ex. B].

> **_Response_**:  Complex Media objects to the statement made in paragraph 17 as not being

*material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media objects to the statement made in paragraph 17 as (i) it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that the New York Post ran the cited article on January 19, 2017 with the specific photograph that Plaintiff claims to have registered under his own name, and (ii) it is not followed by a citation to evidence that would be admissible as the stated website is unauthenticated. Complex Media also objects to the statement made in paragraph 17 because it has not had the opportunity to take discovery as to whether Plaintiff owns the rights to the alleged infringed photograph that allegedly appears on "Page Six," whether Plaintiff's written contract with the New York Post for the alleged infringed photograph is a work-for-hire agreement, whether Plaintiff has enforcement rights to the alleged photograph, whether Plaintiff registered the alleged infringed photograph.*

18.    The PAGE SIX Article disseminates news about Santino Boderick, a co-defendant of rapper Bobby Shmurda, who was convicted of conspiracy to commit murder, attempted murder, possession of a weapon and 20 other felonies stemming from four gang-related shootings. [Hirsch Declr., ¶ 7, Ex. B].

**_Response_**: *Complex Media also objects to the statement made in paragraph 18 as not being material to the issues presented on Plaintiff's motion for partial summary*

*judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 18 as (i) it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that the New York Post ran the cited article with the specific photograph that Plaintiff claims to have registered under his own name, and (ii) it is not followed by a citation to evidence that would be admissible as the stated website is unauthenticated.*

19.     The NEW YORK POST / PAGE SIX is in the business of publishing news. [Hirsch Declr., ¶ 6, Ex. B].

***Response***: *Complex Media objects to the statement made in paragraph 19 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 19 as (i) it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that*

*the New York Post ran the cited article with the specific photograph that Plaintiff claims to have registered under his own name, (ii) it is not followed by a citation to evidence that would be admissible as the stated website is unauthenticated; (iii) there is no "Ex. B" to the Hirsch Declaration; and, (iv) paragraph 6 of the Hirsch Declaration does not state that "the New York Post/Page Six is in the business of publishing news."*

20.     Aside from the NEW YORK POST / PAGESIX, Hirsch did not license the Photograph to any other news outlet or media organization. [Hirsch Declr., ¶ 8].

***Response****:  Complex Media objects to the statement made in paragraph 20 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 20 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge any claims regarding a purported license Plaintiff allegedly granted to the New York Post for the specific photograph that Plaintiff claims to have registered under his own name.*

Defendant's  Unauthorized Publication of the Photograph – January 19, 2017

21.     On or about January 19, 2017, Defendant published an article on its website, www.complex.com, entitled Bobby Shmurda Associate Curses Out Judge for Handing Him Insanely Long Prison Sentence at the URL http://www.complex.com/music/2017/01/bobby-shmurda-associate-santino-boderick-curses-out-judge-handing-him-prison-sentence (the

"Complex Article").  [Hirsch Declr., ¶ 8, Ex. C ].

> **_Response_**:  *Complex Media objects to the statement made in paragraph 21 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 21 as it is unable to present facts essential to justify opposition to this statement as paragraph 8 in the Hirsch Declaration does not state what this paragraph 21 states, and "Ex. C" to the Hirsch Declaration appears to be taken from a website address at: https://pagesix.com not from www.complex.com, and in all events, and pursuant to Fed. R. Civ. P. 56(c)(2), is not a citation to evidence that would be admissible as the stated website is unauthenticated.*

22.     As part of the Complex Article, Defendant posted a video which prominently incorporates the Photograph in its entirety using a full-scale, full-color reproduction of the image as it appeared in the PAGE SIX Article (the "Complex Video").  [Hirsch Declr., ¶ 10, Ex. D].

> **_Response_**:  *Complex Media objects to the statement made in paragraph 22 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 22 as it is (i) a legal argument characterizing the video that is the subject of*

*Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 22 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

23.    The Photograph appears on screen in the Complex Video for <u>at least four seconds</u>, from 0:38 to 0:42.  [Hirsch Declr., ¶ 10, Ex. D].

***Response****:  Complex Media objects to the statement made in paragraph 23 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 23 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 23 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

24.    The Photograph appears on screen in the Complex Video with absolute visual clarity for <u>at least two full seconds</u>, from 0:39 to 0:40, and then becomes slightly blurred from 0:41 to 0:42.

***Response****:  Complex Media objects to the statement made in paragraph 24 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g.,*

16

*whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 24 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 24 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

25.     Defendant concedes that the Photograph is "visible with clarity" in the Complex Video and that "the Photo has clarity in the Video."  [D's Memo of Law, Dkt. #16, p. 9 of 23].

***Response***:  *Complex Media objects to the statement made in paragraph 25 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 25 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes the untenable argument that Complex Media has "concede[d]" a fact in dispute on its Fed. R. Civ. P. 12(b)(6) motion, which contravenes the standard of such motion. Complex Media also objects to the statement made in paragraph 25 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

17

26.     Pictured below are five separate screenshots from the Complex Video demonstrating that the Photograph was displayed on screen in its entirety for at least four seconds, from 0:38 to 0:42. [Hirsch Declr., ¶ 10, Ex. D]

**_Response_**:  *Complex Media objects to the statement made in paragraph 26 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 26 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 26 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

27.     In addition to Defendant's use of the Photograph at issue, Defendant used other photographs of Santino Boderick in the body of the Complex Video which were <u>not</u> created by Hirsch.  [Hirsch Declr., ¶ 12, Ex. D].

**_Response_**:  *Complex Media objects to the statement made in paragraph 27 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 27 as it is (i) a legal argument characterizing the video that is the subject of*

*Complex Media's pending motion to dismiss the Amended Complaint; and, (ii) references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

28.     For example, the following photograph of Boderick appeared at 0:23-0:27 and 1:10-1:14 of the Complex Video. [Hirsch Declr., ¶ 12, Ex. D].

**_Response_**:  *Complex Media objects to the statement made in paragraph 28 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 28 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and, (ii) references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

29.     Commercial advertisements are visible on the face of the Complex Article and adjacent to the Complex Video in which the Photograph is prominently displayed. [Hirsch Declr., ¶ 13, Ex. C].

**_Response_**:  *Complex Media objects to the statement made in paragraph 29 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in*

*paragraph 29 (i) as it is unable to present facts essential to justify opposition to this statement as "Ex. C" to the Hirsch Declaration appears to be taken from a website address at: https://pagesix.com not from www.complex.com, and (ii) references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).  Complex Media also objects to the statement made in paragraph 29 because Complex Media is entitled to prove that it has not received any advertising dollars related to the video.*

30.     On the face of the Complex Article, Hirsch was <u>not</u> credited as the author of the Photograph. [Hirsch Declr., ¶ 14, Ex. C].

**<u>Response</u>**: *Complex Media objects to the statement made in paragraph 30 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph and not material to any of the claims in this lawsuit since there is no section 1202 claim. Complex Media also objects to the statement made in paragraph 30 (i) as it is unable to present facts essential to justify opposition to this statement as "Ex. C" to the Hirsch Declaration appears to be taken from a website address at: https://pagesix.com not from www.complex.com, and (ii) references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).  Complex Media also objects to the statement made in paragraph 30 because there is no "article" in issue in this case at all, and Complex Media has a pending motion to dismiss the Amended Complaint, which by its contents disputes that Hirsch was entitled to any author credit.*

31.     On the face of the Complex Video, Hirsch was <u>not</u> credited as the author of the Photograph.  [Hirsch Declr., ¶ 14, Ex. D].

***<u>Response</u>***:  *Complex Media objects to the statement made in paragraph 31 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph and not material to any of the claims in this lawsuit since there is no section 1202 claim. Complex Media also objects to the statement made in paragraph 31 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and, (ii) references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video).*

32.     Defendant removed the gutter credit that appeared under the Photograph as it first appeared in the Page Six Article.  [Hirsch Declr., ¶ 15, Ex. D].

***<u>Response</u>***:  *Complex Media objects to the statement made in paragraph 32 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph and not material to any of the claims in this lawsuit since there is no section 1202 claim. Complex Media also objects to the statement made in paragraph 32 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and, (ii) references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media*

*with any such video).*

33.     Defendant did not seek Hirsch's permission to publish the Photograph. [Hirsch Declr., ¶ 16].

*__Response__: Complex Media objects to the statement made in paragraph 33 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 33 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that he owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 33 because Complex Media has a pending motion to dismiss the Amended Complaint, which by its contents disputes that Complex Media was required to seek Hirsch's permission for anything.*

34.     Hirsch never granted Defendant authorization to copy the Photograph or distribute copies of his registered work to the public. [Hirsch Declr., ¶ 17].

*__Response__: Complex Media objects to the statement made in paragraph 34  as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff*

has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 34 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive responses to written discovery from Plaintiff to, among others, challenge the claim that he owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 34 because Complex Media has a pending motion to dismiss the Amended Complaint, which by its contents disputes that Complex Media was required to seek Hirsch's authorization for anything.

35.    Prior to publishing the Photograph, there was no communication between Hirsch and Defendant. [Hirsch Declr., ¶ 18].

**_Response_**:  Complex Media objects to the statement made in paragraph 35 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 35 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff and/or serve and receive

*responses to written discovery from Plaintiff to, among others, challenge the claim that*

*he owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement*

*rights to the alleged photograph, and whether Plaintiff registered the alleged infringed*

*photograph. Complex Media also objects to the statement made in paragraph 35 because*

*Complex Media has a pending motion to dismiss the Amended Complaint, which by its*

*contents disputes that Complex Media was required to communicate with Hirsch for*

*anything.*

Registration of the Photograph – March  27, 2017

   36.    Plaintiff's counsel in this action, Liebowitz Law Firm, PLLC (the "Firm"),
follows a routine practice of registering photographs with the U.S. Copyright Office (the
"USCO") on behalf of the Firm's clients.  [Declaration of Richard P. Liebowitz, dated July
31, 2018 ("Liebowitz Declr."), ¶ 5; Declaration of Donna Halperin, dated July 31, 2018
("Halperin Declr."), ¶ 4].

   **_Response_**: *Complex Media objects to the statement made in paragraph 36 as not being*

*material to the issues presented on Plaintiff's motion for partial summary judgment, e.g.,*

*whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff*

*has enforcement rights to the alleged photograph, and whether Plaintiff registered the*

*alleged infringed photograph, and on the basis that the statements made in paragraph 36*

*are not material to the claims in this case. Pursuant to Fed. R. Civ. P. 56(d), Complex*

*Media also objects to the statement made in paragraph 36 as it is unable to present facts*

*essential to justify opposition to this statement as discovery has not begun, and therefore,*

*Complex Media has not yet had the opportunity to depose Mr. Liebowitz and/or Ms.*

*Halperin as to the "routine practice" of the Liebowitz Law Firm, PLLC nor have either*

*of them produced any written responses to discovery or documents to prove their conclusory statements and/or define the meaning of "routine practice."*

37.    The Firm routinely registers photographs with the USCO on behalf of Hirsch. [Hirsch Declr., ¶ 19].

**<u>Response</u>**:  *Complex Media objects to the statement made in paragraph 37 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph, and on the basis that the statements made in paragraph 37 are not material to the claims in this case. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 37 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose anyone, including Plaintiff, as to the "routine" of the Liebowitz Law Firm, PLLC nor has Plaintiff produced any written responses to discovery or documents to prove his conclusory statements and/or define the meaning of "routinely."*

38.    Hirsch authorized the Firm to register the Photograph with the USCO on Hirsch's behalf. [Hirsch Declr., ¶ 19].

**<u>Response</u>**:  *Complex Media objects to the statement made in paragraph 38 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph, and on the basis that the statements made in paragraph 38 are not*

*material to the claims in this case. Pursuant to Fed. R. Civ. P. 56(d),Complex Media also objects to the statement made in paragraph 38 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose anyone, including Plaintiff, as to whether he authorized the Liebowitz Law Firm, PLLC to register the photograph in issue with the U.S. Copyright Office nor has Plaintiff produced any written responses to discovery or documents to prove his conclusory statements.*

39.     On or about March 27, 2017, the Firm registered the Photograph, bearing content title "Hirsch_Santino Boderick, 1_19_17.jpg", with the USCO by filing an application and depositing the Photograph with the USCO as part of that application.  [Halperin Declr., ¶¶ 7-8, Ex. B; Liebowitz Declr., ¶ 8, Ex. A].

**<u>Response</u>**:  *Pursuant to Fed. R. Civ. P. 56(d), Complex Media objects to the statement made in paragraph 39 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose anyone, including Ms. Halperin and/or Mr. Liebowitz nor has Complex Media had the opportunity to obtain discovery as to whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph as that is not ascertainable by a reference to a .jpg.  In all events, should this matter not be dismissed (which is the basis of Complex Media's pending motion), Complex Media is entitled to seek discovery, including but not limited to, a certified copy of Plaintiff's purported deposit with the U.S. Copyright Office. Moreover, unless Mr. Liebowitz himself filed the purported U.S.*

*Copyright Office application, he would not have personal knowledge as to the contents of that application.*

40.     Hirsch is in possession of a registration certificate for the Photograph, bearing number VA # 2-036-428, with effective date March 26, 2017 (the "428 Registration") [Hirsch Declr., ¶ 21, Ex. E; Halperin Declr., ¶¶ 8-9; Liebowitz Declr., ¶ 9].

**_Response_**:  *Complex Media objects to the statement made in paragraph 40 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Pursuant to Fed. R. Civ. P. 56(d), Complex Media also objects to the statement made in paragraph 40 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose anyone, including Plaintiff, Ms. Halperin and/or Mr. Liebowitz nor has Complex Media had the opportunity to obtain discovery as to whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph as that is not ascertainable by a reference to a registration form that lists various .jpg rather than copies of the registered works.  In all events, should this matter not be dismissed (which is the basis of Complex Media's pending motion), Complex Media is entitled to seek discovery, including but not limited to, a certified copy of Plaintiff's purported deposit with the U.S. Copyright Office. Moreover, unless Mr. Liebowitz and Ms. Halperin provided to Plaintiff and were present when Plaintiff was purportedly provided with the alleged registration certificate, they would not have personal knowledge as to the statement in paragraph 40.*

41.     Hirsch obtained the 428 Registration on March 26, 2017, within five years after first publication of the Photograph, which took place on January 19, 2017. [Hirsch Declr., ¶ 21, Exs. C, E].

**_Response_**: *Pursuant to Fed. R. Civ. P. 56(d), Complex Media objects to the statement made in paragraph 41 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Plaintiff to obtain discovery as to whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph as that is not ascertainable by a reference to a registration form that lists various .jpg rather than copies of the registered works.  In all events, should this matter not be dismissed (which is the basis of Complex Media's pending motion), Complex Media is entitled to seek discovery, including but not limited to, a certified copy of Plaintiff's purported deposit with the U.S. Copyright Office.*

42.     The Firm's registration of the Photograph on Hirsch's behalf was carried out in accordance with the Firm's routine practice of registering photographs with the USCO on behalf of its clients.  [Halperin Declr., ¶ 11; Liebowitz Declr., ¶ 11].

**_Response_**: *Complex Media objects to the statement made in paragraph 42 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph, and on the basis that the statements made in paragraph 42 are not material to the claims in this case. Pursuant to Fed. R. Civ. P. 56(d), Complex*

*Media also objects to the statement made in paragraph 42 as it is unable to present facts essential to justify opposition to this statement as discovery has not begun, and therefore, Complex Media has not yet had the opportunity to depose Mr. Liebowitz and/or Ms. Halperin as to the "routine practice" of the Liebowitz Law Firm, PLLC nor have either of them produced any written responses to discovery or documents to prove their conclusory statements and/or define the meaning of "routine practice."*

PAGE SIX Hyperlinks

43.     The Photograph is prominently displayed in the PAGE SIX Article at the URL

https://pagesix.com/2017/01/19/bobby-shmurdas-pal-gets-130-year-sentence-curses-out-judge/

[Hirsch Declr., ¶ 6, Ex. B].

> ***Response***: *Complex Media objects to the statement made in paragraph 43 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 43 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 43 because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

44.     Above the headline to the PAGE SIX Article appear five icons which enable a web visitor to share a hyperlink to the entire PAGE SIX Article.  By clicking on one of the five

icons, a visitor can share the text-based hyperlink (i.e., http://pge.sx/2jqiCsj) to the entire PAGE SIX Article on a user's Facebook, Twitter or Google Plus account. There are also icons that allow a visitor to share the text-based hyperlink with a friend via e-mail or copy the URL into a web browser or text-based document (such as Word). [Hirsch Declr., ¶ 6, Ex. B].

> ***Response***: *Complex Media objects to the statement made in paragraph 44 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 44 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 44 because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

45.     The Facebook link, symbolized by the icon  (the "Facebook Link"), enables a Facebook user to share a link to the entire PAGE SIX Article on the Facebook user's Facebook account.  When a visitor to the PAGE SIX Article points his or her mouse over the Facebook Link, the screen reads "Click to share on Facebook" as shown below:



[Hirsch Declr., ¶ 6, Ex. B]. A screenshot of the PAGE SIX Article as it appears after clicking on the Facebook Link is attached as Exhibit E to the Amended Complaint [Dkt. # 14-5].

> ***Response***:  *Complex Media objects to the statement made in paragraph 45 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 45 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 45 because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

46.     The Twitter link, symbolized by the icon        (the "Twitter Link"), enables a Twitter user to share a link to the entire PAGE SIX Article on the Twitter user's Twitter account. When a visitor to the PAGE SIX Article points his or her mouse over the Twitter Link, the screen reads "Click to share on Twitter" as shown below:



[Hirsch Declr., ¶ 6, Ex. B]. A screenshot of the PAGE SIX Article as it appears after clicking on the Twitter Link is attached as Exhibit F to the Amended Complaint [Dkt. # 14-6].

> ***Response***:  *Complex Media objects to the statement made in paragraph 46 as not being*

31

*material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 46 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 46 because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

47.     The Google Plus link, symbolized by the icon  (the "Google Plus Link"), enables a Google Plus user to share a link to the entire PAGE SIX Article on the Google Plus user's Google Plus account. When a visitor to the Page Six Article points his or her mouse over the Google Plus Link, the screen reads "Click to share on Google+" as shown below:



[Hirsch Declr., ¶ 6, Ex. B].  A screenshot of the PAGE SIX Article as it appears after clicking on the Google Plus Link is attached as Exhibit G to the Amended Complaint [Dkt. # 14-7].

**_Response_**:  *Complex Media objects to the statement made in paragraph 47 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the*

*alleged infringed photograph. Complex Media also objects to the statement made in paragraph 47 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 47 because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

48.     The E-Mail link, symbolized by the icon        (the "E-Mail Link"), enables an e-mail user to share a link to the entire PAGE SIX Article via that user's e-mail account. When a visitor to the PAGE SIX Article points his or her mouse over the E-Mail Link, the screen reads "Click to e-mail this to a friend" as shown below:



[Hirsch Declr., ¶ 6, Ex. B]  A screenshot of the PAGE SIX Article as it appears after clicking on the E-Mail Link is attached as Exhibit H to the Amended Complaint [Dkt. # 14-8].

**<u>Response</u>**:  *Complex Media objects to the statement made in paragraph 48 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 48 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its*

*pending motion. Complex Media also objects to the statement made in paragraph 48because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

49.     The URL link, symbolized by the icon  (the "URL Link"), enables a visitor to copy a URL link to the entire PAGE SIX Article.   When a visitor to the PAGE SIX Article points his or her mouse over the URL Link, the screen reads "Click to copy URL" as shown below:



[Hirsch Declr., ¶ 6, Ex. B]  A screenshot of the PAGE SIX Article as it appears after clicking on the URL Link is attached as Exhibit I to the Amended Complaint [Dkt. # 14-9].

**_Response_**:  *Complex Media objects to the statement made in paragraph 49 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 49 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 49 because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

50.     There is no link on the PAGE SIX Article which permits a visitor to copy the

Photograph itself. [Hirsch Declr., ¶ 6, Ex. B].

> **_Response_**: *Complex Media objects to the statement made in paragraph 50 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 50 as it is (i) a legal argument characterizing the article that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 50 because it references "Ex. B" to the Hirsch Declaration, and there is no "Ex. B" to the Hirsch Declaration.*

51.   Complex displayed the Photograph in a video posted to its website at http://www.complex.com/music/2017/01/bobby-shmurda-associate-santino-boderick-curses-out-judge-handing-him-prison-sentence (the "Complex Video").   [Hirsch Declr., ¶ 10, Ex. D; Defendant's Memo of Law, Dkt. #16, p. 9 of 23].

> **_Response_**:  *Complex Media objects to the statement made in paragraph 51 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 51 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes*

*legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 51 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video). Complex Media also objects to the statement in paragraph 51 on the basis that it references as an undisputed material fact for purposes of Fed. R. Civ. P. 56 Complex Media's Fed. R. Civ. P. 12(b)(6) motion brief, which contravenes the standard of such motion.*

52.     Complex did <u>not</u> obtain the Photograph for use in the Complex Video by copying a text-based hyperlink to Complex's Facebook page. [Hirsch Declr., ¶ 10, Ex. D].

**<u>Response</u>**:  *Complex Media objects to the statement made in paragraph 52 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 52 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 52 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video). Complex Media also objects to the statement in paragraph 52 on the basis that it references as an undisputed material fact a method of purported copying that may require expert discovery, and a "fact" to which Plaintiff would likely have no personal knowledge. Complex Media also object to the statement in*

*paragraph 52 on the basis that it is not material to the legal issue of whether Plaintiff should be estopped and/or waived his rights by allowing the New York Post to promote unrestricted copying/display of his alleged infringed photograph, which also is a basis for Complex Media's pending motion to dismiss the Amended Complaint.*

53.      Complex did <u>not</u> obtain the Photograph for use in the Complex Video by copying a text-based hyperlink to Complex's Twitter page. [Hirsch Declr., ¶ 10, Ex. D].

***Response***:  *Complex Media objects to the statement made in paragraph 53 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 53 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 53 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video). Complex Media also objects to the statement in paragraph 53 on the basis that it references as an undisputed material fact a method of purported copying that may require expert discovery, and a "fact" to which Plaintiff would likely have no personal knowledge. Complex Media also object to the statement in paragraph 53 on the basis that it is not material to the legal issue of whether Plaintiff should be estopped and/or waived his rights by allowing the New York Post to promote unrestricted copying/display of his alleged infringed photograph, which also is a basis*

*for Complex Media's pending motion to dismiss the Amended Complaint.*

54.     Complex did <u>not</u> obtain the Photograph for use in the Complex Video by copying a text-based hyperlink to Complex's Google Plus Account. [Hirsch Declr., ¶ 10, Ex. D].

> **<u>Response</u>**:  *Complex Media objects to the statement made in paragraph 54 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 54 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 54 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video). Complex Media also objects to the statement in paragraph 54 on the basis that it references as an undisputed material fact a method of purported copying that may require expert discovery, and a "fact" to which Plaintiff would likely have no personal knowledge. Complex Media also object to the statement in paragraph 54 on the basis that it is not material to the legal issue of whether Plaintiff should be estopped and/or waived his rights by allowing the New York Post to promote unrestricted copying/display of his alleged infringed photograph, which also is a basis for Complex Media's pending motion to dismiss the Amended Complaint.*

55.     Complex did not display the Photograph in the Complex Video via e-mail. [Hirsch Declr., ¶ 10, Ex. D].

> ***Response***:  *Complex Media objects to the statement made in paragraph 55 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 55 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint; and (ii) makes legal arguments that are hotly disputed by Complex Media, as demonstrated by its pending motion. Complex Media also objects to the statement made in paragraph 55 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video). Complex Media also objects to the statement in paragraph 55 on the basis that it references as an undisputed material fact a method of purported copying that may require expert discovery, and a "fact" to which Plaintiff would likely have no personal knowledge. Complex Media also object to the statement in paragraph 55 on the basis that it is not material to the legal issue of whether Plaintiff should be estopped and/or waived his rights by allowing the New York Post to promote unrestricted copying/display of his alleged infringed photograph, which also is a basis for Complex Media's pending motion to dismiss the Amended Complaint.*

56.     The URL of the PAGE SIX Article appears nowhere in the Complex Video. [Hirsch Declr., ¶ 10, Ex. D].

> ***Response***:  *Complex Media objects to the statement made in paragraph 56 as not being*

39

*material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 56 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint. Complex Media also objects to the statement made in paragraph 56 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video). Complex Media also object to the statement in paragraph 56 on the basis that it is not material to the legal issue of whether Plaintiff should be estopped and/or waived his rights by allowing the New York Post to promote unrestricted copying/display of his alleged infringed photograph, which also is a basis for Complex Media's pending motion to dismiss the Amended Complaint.*

<u>Defendant's Post-Filing Takedown of the Photograph</u>

57.     Before this lawsuit was filed, the Complex Video was posted on-line at

http://www.complex.com/music/2017/01/bobby-shmurda-associate-santino-boderick-curses-out-judge-handing-him-prison-sentence (the "Infringing URL").  [Hirsch Declr., ¶ 23].

***Response***: *Complex Media objects to the statement made in paragraph 57 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 57 as it is (i) a legal argument characterizing the video that is the subject of*

*Complex Media's pending motion to dismiss the Amended Complaint where it is plainly evident that Complex Media disputes Plaintiff's claim of infringement. Complex Media also objects to the statement made in paragraph 57 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video), and references an "infringing URL," which is not an allegation in this case.*

58.     Subsequent to the filing of this lawsuit against Defendant, however, Defendant removed the Complex Video and Photograph from the Infringing URL.  [Hirsch Declr., ¶ 24, Ex. F].

**<u>Response</u>**:  *Complex Media objects to the statement made in paragraph 58 as not being material to the issues presented on Plaintiff's motion for partial summary judgment, e.g., whether Plaintiff owns the rights to the alleged infringed photograph, whether Plaintiff has enforcement rights to the alleged photograph, and whether Plaintiff registered the alleged infringed photograph. Complex Media also objects to the statement made in paragraph 58 as it is (i) a legal argument characterizing the video that is the subject of Complex Media's pending motion to dismiss the Amended Complaint where it is plainly evident that Complex Media disputes Plaintiff's claim of infringement. Complex Media also objects to the statement made in paragraph 58 because it references a video that it does not attach or include at all (Plaintiff failed to serve Complex Media with any such video), and references an "infringing URL," which is not an allegation in this case. Pursuant to Fed. R. Civ. P. 56(c)(2), Complex Media also objects to the statement made in paragraph 58 it is not followed by a citation to evidence that would be admissible because it is based on an unauthenticated document from the internet. Complex Media also objects to the statement made in paragraph 58 because "Ex. F" appears to include*

*various videos though it is impossible to ascertain with any certainty since only a paper*

*copy of the purported internet web pages is attached.*

## COMPLEX MEDIA'S COUNTERSTATEMENT OF SOME BUT NOT ALL MATERIAL FACTS THAT PRECLUDE SUMMARY JUDGMENT

Plaintiff has filed a premature motion for summary judgment, which is largely indiscernible because Plaintiff mixes together legal arguments directed to Complex Media's motion to dismiss the Amended Complaint with conclusory statements of disputed facts in support of a motion for summary judgment. In all events, there are facts that it expects to establish in discovery that would preclude Plaintiff's motion for summary judgment, support summary judgment for Complex Media, and/or support Complex Media's defenses.  For that reason, Complex Media provides this counterstatement of some, but not all, material facts that preclude Plaintiff's motion for summary judgment, and/or support summary judgment for Complex Media and/or support Complex Media's defenses:

1.       Plaintiff does not own the rights to the photograph in issue.

2.       The New York Post retained the rights to the photograph in issue.

3.       There is no written license agreement between the New York Post and Plaintiff, and Plaintiff provided the photograph to the New York Post as a work-for-hire.

4.       There is an agreement between Plaintiff and the New York Post, and Plaintiff provided the photograph in issue to the New York Post on a work-for-hire basis.

5.       There is an agreement between the New York Post and Plaintiff, but it provides the New York Post with exclusive rights to the photograph.

6.     The New York Post retained the enforcement rights to the photograph in issue, and/or retained enforcement rights during the term of their agreement, which is when the alleged infringement occurred.

7.     The alleged infringed photograph is not the photograph that was submitted to the U.S. Copyright Office and/or covered by the registration certificate attached to the Amended Complaint.

8.     Plaintiff's agreement with the New York Post provides that the New York Post is entitled to allow viewers to copy, share and/or otherwise display the photograph without restriction.

9.     The New York Post intends viewers to copy, share and/or otherwise display the photograph under the restrictions in its website terms of use (but they are unenforceable).

10.     Plaintiff has never demanded that the New York Post discontinue providing viewers with the ability to copy, share and/or otherwise display the photograph without restriction.

11.     Plaintiff allows copying of his photograph via hyperlinks.

12.     Plaintiff waived any rights he once had in the photograph, including but not limited to, the right to enforce copyrights.

13.     The photograph lacks originality.

14.     Complex Media's alleged use is fair use.

15.     Complex Media made no profits on the video in issue.

16.     Complex Media lost money on the video in issue.

17.     There is no evidence of bad faith.

18.     There is no market for the alleged infringed work.

19.     Plaintiff has not licensed the photograph to anyone [or] Plaintiff licensed the photograph solely to the New York Post.

Dated: September 18, 2018                    RIVKIN RADLER LLP


By:     s/ Nancy A. Del Pizzo
        Nancy A. Del Pizzo
        nancy.delpizzo@rivkin.com
        21 Main Street, Suite 158
        Court Plaza South, West Wing
        Hackensack, New Jersey 07601
        (201) 287-2460 (T)
        (201) 489-0495 (F)

         - and-

        477 Madison Avenue
        New York, New York 10022
        (212) 455-9555 (T)
        (212) 687-9044 (F)

        *Attorneys for Defendant,*
        *Complex Media, Inc.*

4109581